IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| NORMA LOZANO AND § | |
| CORI CHALE CONTRERAS § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:17-CV-159 |
| § | JURY |
| GERALDO GONZALES AND § | |
| BT FREIGHT LINES, INC. § | |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, NORMA LOZANO hereinafter referred to as "Plaintiff" complaining of Geraldo Gonzales and BT Freight Lines, Inc. collectively referred to herein as "Defendant Gonzales and Defendant BT Freight Lines or Defendants" and for such cause of action would respectfully show the Court as follows:

### 1.
### DISCOVERY PLAN

1.1    Plaintiff designates this a Level 3 case, pursuant to Tex. R. Civ. P. 190.4, requiring discovery control plan tailored to the circumstances of this specific suit.

### 2.
### PARTIES

2.1    Plaintiff Norma Lozano resides in Rio Grande City, Starr County, Texas. Plaintiff Cori Chale Contreras is no longer a part of this suit as his claims have settled and have been dismissed.

2.2    Defendant, Geraldo Gonzales is an individual residing in Yuma County, Arizona at all times material to this action and may be served by with process by mailing to the defendant by

registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto at 1832 S. 47th Ave., Yuma, Arizona 85364 or wherever he may be found and located.

2.3     Defendant, BT Freight Lines, Inc., was properly served and filed an answer.

## 3.
## JURISDICTION AND VENUE

3.1     Plaintiff, Norma Lozano solely asserts state law-based claims and all the damages and controversies made the basis of this suit are within the jurisdictional limits of this Court. Therefore, Texas courts have both subject matter and in personam jurisdiction over the Defendants for the wrongful conduct performed in this state.

3.2     Venue is proper in Zapata County, Texas pursuant to Tex. Civ. Prac. & Rem. Code Ann. Art. 15.002 (2) for it is the county in which the cause of action accrued.

3.3     This case has been removed to this Court from the 49th District Court in Zapata County, Texas pursuant to 28 U.S.C. § 1332.

## 4.
## FACTUAL BACKGROUND

4.1     On or about May 18, 2016, Plaintiffs Norma Lozano and Cori Chale Contreras were involved in a collision, and sustained serious and disabling injuries, when an 18-Wheeler Tractor Trailer Rig operated by Defendant Geraldo Gonzales, and owned by BT Freight Lines, Inc. collided into Plaintiff's vehicle. At the time of the rear-end collision, Defendant Geraldo Gonzales was in the course and scope of his employment with Defendant BT Freight Lines, Inc.

        Plaintiff Norma Lozano was operating her motor vehicle in a safe and prudent manner while traveling on the US 83, Zapata, Texas. Plaintiff was stationary facing northbound at a

construction red traffic control light. At all times, Ms. Lozano was exercising due care for the safety of herself and that of her passenger Cori Chale Contreras and others. Defendant, Geraldo Gonzales while driving a truck owned by BT Freight Lines, Inc. while approaching the red traffic control light failed to control his speed and started a northwest skid on its passenger side and struck the back left area of Plaintiff's vehicle causing Plaintiff's vehicle to go off the road into a ditch.

Defendant Gonzales was operating his motor vehicle in a negligent manner, and as a result struck Plaintiff's vehicle. Defendant Gonzales' negligence directly and proximately caused the subject collision and Plaintiff's injuries and damages.

## 5.
## CAUSES OF ACTION
## DEFENDANT DRIVER GERALDO GONZALES

5.1     The collision and Plaintiff's injuries and damages were directly and proximately caused by Defendant Geraldo Gonzales' negligent, careless, and reckless disregard of various duties including, but, not limited to the following acts and or omissions:

1. Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

2. Defendant took faulty evasive action;

3. Defendant failed to brake in a timely manner;

4. Defendant failed to control speed;

5. Defendant failed to swerve or otherwise maneuver his vehicle to avoid the collision;

6. Defendant failed to give proper warning upon an impending collision;

7. Defendant failed to pay attention when operating a motor vehicle on a public street;

8. Defendant recklessly drove a vehicle with a willful or wanton disregard for the safety

      of person or property. Such action constitutes negligence per se, as well as gross negligence; and

      9. In failing to operate the vehicle in obedience to traffic laws and regulations; In violation of the Tex. Transp. Code Ann. §545.001 et seq.

5.2    Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this collision, and the injuries and damages sustained by Plaintiff.

### Gross Negligence Against Geraldo Gonzales

5.3    At the time of the incident complained of herein, Defendant Geraldo Gonzales continued to willfully, wantonly, and recklessly operate a vehicle without regard for the rights and safety of others in that:

    a.    Two days prior to the collision Defendant Gonzales was found in violation of Federal Motor Carrier Safety Regulation (FMCSR) *§396.3 (a)(1): Brakes Out of Service: The Number of Defective Brakes Is Equal to or Greater than 20 Percent of the Service Brakes on the Vehicle or Combination (Unit 2) – Out-of-Service (OOS)* during a routine DOT Inspection. As a result of the violation, Gonzales' trailer was placed out of service. Despite this, Gonzales continued to drive to Edinburg/McAllen, Texas area without repairing the trailer brakes. Two days later, on the day of the collision, Gonzales had still not repaired his trailer brakes. Despite this, Gonzales continued to drive on the date of the collision from Edinburg/McAllen area to Laredo. On his way to Laredo, past Zapata, Defendant Gonzales collided with Plaintiff.

    b.    Two days prior to the collision Defendant Gonzales was found in violation of FMCSR *§393.78: Windshield Wipers Inoperative/Defective* during a DOT Inspection. On the day of the collision Gonzales had not repaired his inoperable or defective windshield wipers. Despite this, Gonzales continued to drive on the date of the collision in rainy and/or wet conditions up until the time of collision with Plaintiff; and

    c.    Defendant Gonzales traveled at an unsafe speed at the time of the collision through a marked construction zone. Despite having adequate warning from road construction signs and despite having knowledge that the road was under construction Gonzales still continued to travel at an unsafe speed causing him to lose control of his tractor trailer and collide into Plaintiff's truck.

5.4     Plaintiff would show that Geraldo Gonzales' acts or omissions, when viewed objectively from the standpoint of Defendant Gonzales at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which Geraldo Gonzales had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

Plaintiff would show that Defendant Gonzales, with his twenty plus years of experience as a commercial truck driver, knew or should have known that driving a tractor trailer with defective trailer brakes, through a construction zone, in rainy/wet road conditions and with inoperative or defective windshield wipers was a collision waiting to happen.

Said conduct constitutes a reckless, wanton and/or willful disregard for the rights of others and/or was the result of conscious indifference to the rights, welfare, and safety of others. Accordingly, Defendant Gonzales was grossly negligent and such gross negligence was a proximate cause of Plaintiff's damages and is imputed on Defendant BT Freight Lines, Inc. Plaintiff is therefore entitled to recover punitive damages from Defendants pursuant to Texas Civil Practice and Remedies Code Sec. 41.001.

## 6.
## CAUSES OF ACTION
## DEFENDANT BT FREIGHT LINES, INC.

6.1     Defendant Geraldo Gonzales was at all times relevant herein an employee, agent and/or servant of Defendant BT Freight Lines, Inc. As such, Defendant BT Freight Lines, Inc. is responsible for the conduct of Defendant Geraldo Gonzales, for his acts and omissions of negligence, while in course and scope of his employment which may be shown at the trial of this cause.

Each of these acts and omissions, singularly or in combination with others set forth in paragraph five (5), constitute negligence which was the proximate cause of this collision, and the injuries and damages sustained by Plaintiff. Plaintiff invokes the doctrine of Respondeat Superior imputing all conduct and negligence of Defendant Geraldo Gonzales to Defendant BT Freight Lines, Inc.

6.2     Additionally, and without waiving any of the foregoing, Defendant BT Freight Lines, Inc. negligently entrusted the vehicle and duties and responsibilities to Defendant Geraldo Gonzales because Defendant BT Freight Lines, Inc. knew and/or had reason to know that Defendant Geraldo Gonzales was not a safe and prudent driver. Defendant BT Freight Lines, Inc.'s negligence was a proximate cause of Plaintiff's damages.

6.3     Further, Defendant BT Freight Lines, Inc. is negligent for:

1. Negligently hiring Geraldo Gonzales for the dangerous job of driving an 18-wheeled truck on public roadways;

2. Failure to properly train Geraldo Gonzales for the dangerous job of driving an 18-wheeled truck on public roadways; and

3. Failure to properly supervise and oversee Geraldo Gonzales for the dangerous job of driving an 18-wheeled truck on public roadways.

6.4     Each of these acts and omissions, singularly or in combination with others, constitute negligence, which was the proximate cause of this collision and the injuries and damages sustained by Plaintiffs.

6.5     **<u>Gross Negligence Against BT Freight Lines, Inc.</u>**

At the time of the incident complained of herein, Defendant BT Freight Lines, Inc., allowed Defendant Geraldo Gonzales to willfully, wantonly and recklessly operate a tractor trailer without regard for the rights and safety of others in that:

    a.    Defendant BT Freight Lines, Inc. failed to train Geraldo Gonzales regarding driving his tractor trailer while it has been placed out of service;

    b.    Defendant BT Freight Lines, Inc. failed to train Geraldo Gonzales regarding driving his tractor trailer with defective trailer brakes and/or brakes out of service;

    c.    Defendant BT Freight Lines, Inc. failed to supervise Geraldo Gonzales to prevent him from driving his tractor trailer with defective trailer brakes and/or brakes out of service;

    d.    Defendant BT Freight Lines, Inc. failed to supervise Geraldo Gonzales to prevent him from driving on wet rainy conditions with inoperative or defective windshield wipers;

    e.    Defendant BT Freight Lines, Inc. failed to train Geraldo Gonzales regarding driving in rainy/wet conditions with inoperative or defective windshield wipers;

    f.    Defendant BT Freight Lines, Inc. was grossly negligent in instructing and/or permitting Defendant Geraldo Gonzales to continue on his trip from Del Rio TX to Edinburg, TX after being placed out of service and without having repaired the trailer brakes;

    g.    Defendant BT Freight Lines, Inc. was grossly negligent in instructing and/or permitting Def Geraldo Gonzales to continue on his trip from Edinburg, Texas to Laredo, Texas knowing that the trailer was still out of service and the brakes had not been repaired; and

    h.    Defendant BT Freight Lines, Inc. failed to train Geraldo Gonzales on how to properly prepare a post trip inspection pursuant to the Federal Motor Carrier Safety Regulations.

6.6    Plaintiff would show that BT Freight Lines, Inc. acts or omissions, when viewed objectively from the standpoint Defendant BT Freight Lines, Inc. at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which BT Freight Lines, Inc. had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

    Plaintiff would show that Defendant BT Freight Line's conduct constitutes a reckless,

wanton and/or willful disregard for the rights of others and/or was the result of conscious indifference to the rights, welfare, and safety of others. Accordingly, Defendant was grossly negligent and such gross negligence was a proximate cause of Plaintiff's damages. Plaintiff is therefore entitled to recover punitive damages from Defendant BT Freight Lines, Inc. pursuant to Texas Civil Practice and Remedies Code Sec. 41.001.

## 7.
## CONTRIBUTORY NEGLIGENCE

7.1   Plaintiff would show that nothing that she did, or failed to do, in any way contributed this collision.

## 8.
## DAMAGES

8.1   The elements of damages which Plaintiff seeks to recover from the Defendants include compensation for the following:

    A.    Reasonable and necessary medical expenses which Plaintiff has incurred up until the time of trial of this cause as a result of the injuries suffered by Plaintiff in the accident made the basis of this suit and such charges are reasonable and customary charges for such services;

    B.    Reasonable and necessary medical expenses which Plaintiff in all reasonable probability will incur in the future as a result of said injuries;

    C.    Past physical pain and suffering;

    D.    Future physical pain and suffering;

    E.    Past mental anguish;

    F.    Future mental anguish;

    G.    Physical impairment in the past and future;

    H.    Loss of earning capacity sustained in the past;

    I.      Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    J.      Punitive damages; and

    K.     All other elements of damages that may be shown at the trial of this cause.

## 9.
## REQUEST FOR JURY TRIAL

9.1    Concurrent with the filing of this Original Petition, Plaintiff has applied for trial by jury and has tendered the appropriate jury fee required by Tex. R. Civ. P. 216.

## 10.
## REQUESTS FOR DISCOVERY

10.1    Parties are currently engaged in discovery in this matter.

## 11.
## CONDITIONS PRECEDENT

11.1    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that Defendants be cited to appear and answer herein, that upon trial of this cause, Plaintiff recover from Defendants jointly and severally:

    A.    Judgment against Defendants for Plaintiff's damages as set forth above in an amount greater than $1,000,000.00;

    B.    Post-judgment interest on said judgment at the legal rate from the date of judgment;

    C.    Pre-judgment interest on Plaintiff's damages as allowed by law;

    D.    Costs of Court; and

E. Such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

By: /s/ _____
Osiris A. Gonzalez
Attorney In Charge
State Bar No.: 24047463
S.D. of Texas No.834044
E-mail: oag@oaglawfirm.com
The Osiris A. Gonzalez Law Firm, P.L.L.C.
2100 S. Shary Rd., Ste. 4
Mission, Texas 78572
Telephone: (956) 583-4404
Facsimile: (956) 583-4401

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2018 a true and correct copy of the foregoing document was served on counsel via electronic mail.

Via email: wbroadwater@namanhowell.com
Whitney S. Broadwater
NAMAN HOWELL SMITH & LEE, PLLC
8310 N. Capital of Texas Hwy, Ste. 490
Austin, Texas 78531

/s/ _____
Osiris A. Gonzalez